CLERK'S OFFICE U.S. DIST. COURT
AT HARRISONBURG, VA
FILED
September 29, 2025
LAURA A. AUSTIN, CLERK
BY: s/J.Vasquez
   DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| RICKIE LEE HILL, ) | |
| Plaintiff, ) | Civil Action No. 7:24-cv-00543 |
| ) | |
| v. ) | |
| ) | By: Elizabeth K. Dillon |
| J. HAIRSTON, *et al.*, ) | Chief United States District Judge |
| Defendants. ) | |

**MEMORANDUM OPINION**

*Pro se* plaintiff Rickie Lee Hill, a Virginia inmate proceeding *pro se*, filed this civil rights action pursuant to 42 U.S.C. § 1983 against two defendants, J. Hairston and H. Abbott. Abbott moves to dismiss the claims against her. (Dkt. No. 15.) Plaintiff responded in opposition to the motion to dismiss and filed a cross-motion for summary judgment against both defendants. (Dkt. No. 23.) Hairston and Abbott filed an opposition to Hill's motion. (Dkt. No. 26.) Hill has filed a reply in support of his motion for summary judgment (Dkt. No. 28) and a supplement to his motion (Dkt. No. 27).

For the reasons stated below, Abbott's motion to dismiss will be granted and Hill's motion for summary judgment will be denied.

I. BACKGROUND

In considering a motion to dismiss, the court must accept as true all well-pleaded facts in the complaint and draw all reasonable inferences in the plaintiff's favor. *Langford v. Joyner*, 62 F.4th 122, 124 (4th Cir. 2023). In the light most favorable to the plaintiff, this suit is based upon the following events as set forth in Hill's complaint. (Dkt. No. 1.) The court has also considered the attachments to plaintiff's complaint which are integral to and explicitly relied on in the complaint. *Zak v. Chelsea Therapeutics Int'l Ltd.*, 780 F.3d 597, 606–07 (4th Cir. 2015).

Hill alleges claims for retaliation and discrimination based on events that occurred when he was an inmate at Greenrock Correctional Center (GRCC).  Hill's complaint explains that Abbott is the grievance coordinator, and part of her job is to receive written complaints and write the "gist of the complaint" on a Grievance Receipt.  (Compl. 4.)  Plaintiff claims that he was engaged in "protected activity," citing Exhibit 2 attached to his complaint (Dkt. No. 1-1), and claims that because of this activity, Abbott retaliated against Hill by deviating from the correct procedure.  Abbott was supposed to write: "This matter has been forwarded for investigation to the PREA compliance manager."  (Compl. 4.)  Instead, she wrote: "Inmate Hill complains that c/o Hairston forced him to show him his penis."  (*Id.*; *see also* Dkt. No. 1-1, Ex. 1.)  As a result, Hill is scared to write staff misconduct complaints, and Hill feels that Abbott was motivated by Hill's conduct in writing such complaints.  Hill asserts further that no one else in his "same protected class group" was treated in this manner by Abbott.

Hill then describes the alleged incident involving J. Hairston.  On or about June 22, 2024, Hairston came to Hill's cell in the morning in Restorative Housing (RHU).  (Compl. 5.)  Hairston told Hill, "So I here [sic] you got a big dick?"  Hairston then propositioned Hill and told him he could get him more food and other benefits.  Hairston also threatened Hill with starvation and that he would expose family photographs and addresses.  Hill claims that this has caused mental anguish, nightmares, and post-traumatic stress syndrome.

Hill requests $50,000 in compensatory and punitive damages each from Abbott and Hairston.  (Compl. 6.)  Hill also asks for other types of relief, such as single cell status, a payroll check without having a job, and quarterly food and clothing packages.

2

II.  ANALYSIS

**A.  Abbott's Motion to Dismiss**

The purpose of Rule 12(b)(6) is to test the legal sufficiency of the complaint. *Randall v. United States*, 30 F.3d 518, 522 (4th Cir. 1994).  To survive a motion to dismiss under Rule 12(b)(6), a complaint must "state[] a plausible claim for relief" that "permit[s] the court to infer more than the mere possibility of misconduct." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).  A claim is plausible if the complaint contains "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged," and if there is "more than a sheer possibility that a defendant has acted unlawfully." *Id.* at 678 (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556–57 (2007)).  In making this evaluation, the court accepts all well-pled facts as true; however, it need not assume the truth of any "legal conclusions, elements of a cause of action and bare assertions devoid of further factual enhancement," which are not well-pled facts. *Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc.*, 591 F.3d 250, 255 (4th Cir. 2009) (citing *Iqbal*, 556 U.S. at 678).

Pleadings by pro se litigants must be construed liberally. *King v. Rubenstein*, 825 F.3d 206, 214 (4th Cir. 2016).  "Principles requiring generous construction of *pro se* complaints are not, however, without limits." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).  A pro se complaint must still "state a claim to relief that is plausible on its face." *Jackson v. Lightsey*, 775 F.3d 170, 178 (4th Cir. 2014) (quoting *Iqbal*, 556 U.S. at 678).

Hill alleges that Abbott's actions in processing his grievance against Hairston violated his First and Fourteenth Amendment rights.  "Merely responding to an inmate's administrative remedies does not implicate any constitutionally protected right." *Coto v. Clarke*, No. 7:14CV00685, 2015 WL 5043288, at *3 n.7 (W.D. Va. Aug. 26, 2015); *Adams v. Rice*, 40 F.3d

3

72, 75 (4th Cir. 1994) (holding that prisoners do not have a constitutional right to participate in grievance procedures). Moreover, "[r]uling against a prisoner on an administrative complaint does not cause or contribute to [a constitutional] violation." *Brown v. Va. Dep't of Corr.*, No. 6:07-CV-00033, 2009 WL 87459, at *13 (W.D. Va. Jan. 9, 2009) (citing *Adams*). Thus, even accepting as true Hill's assertion that his exhibits are "irrefutable evidence of Abbott purposely deviating from OP 866.1 to cover up her fellow workers misconduct," (Dkt. No. 23 at 3), this is not actionable under § 1983.

To the extent that Hill may be alleging a violation of his rights under the First Amendment, a First Amendment retaliation claim must allege that: (1) the plaintiff engaged in protected First Amendment activity; (2) the defendant took some action that adversely affected the First Amendment rights; and (3) there was a causal relationship between the protected activity and the defendant's conduct. *See Constantine v. Rectors & Visitors of George Mason Univ.*, 411 F.3d 474, 499 (4th Cir. 2005).

A plaintiff can establish retaliatory conduct if the defendant took an action against the plaintiff that "would likely deter 'a person of ordinary firmness' from the exercise of First Amendment rights." *Martin v. Duffy*, 858 F.3d 239, 249 (4th Cir. 2017). A plaintiff must also demonstrate a causal connection between his First Amendment activity and the alleged retaliatory action. *Constantine*, 411 F.3d at 501. The showing can be based on circumstantial evidence, such as evidence that the defendant was aware of the First Amendment activity, and that the retaliatory act was temporally proximate to that activity. *Id.*

In the prison context, courts "treat [claims of retaliation] with skepticism because 'every act of discipline by prison officials is by definition 'retaliatory' in the sense that it responds directly to prisoner misconduct.'" *Cochran v. Morris*, 73 F.3d 1310, 1317 (4th Cir. 1996) (citing

4

*Adams*, 40 F.3d at 74).  As such, an inmate cannot simply assert a generalized retaliatory animus but must allege facts that support the claim of retaliation.  *White v. White*, 886 F.2d 721, 724 (4th Cir. 1989).  Moreover, a retaliation claim fails if there is a legitimate reason for the alleged retaliatory action.  *Mt. Healthy City Sch. Dist. Bd. of Educ. v. Doyle*, 429 U.S. 274, 287 (1977).

       Abbott does not dispute that Hill engaged in protected First Amendment activity for purposes of this motion.  Under the second element, Hill argues that Abbott including explicit details when describing the allegations in Hill's grievance was an adverse action because it had a chilling effect on future grievance activity.  Hill provides insufficient details; for example, he does not describe any grievable situations that he was afraid to pursue.  Moreover, under the third factor, Hill has not plausibly alleged that Abbott acted in this matter based upon a retaliatory motive.  *See id.* (noting that "the causation analysis includes an individual's motivation in its calculus) (citing *Peterson v. Shanks*, 149 F.3d 1140, 1144 (10th Cir. 1998)).  In other words, Hill does not allege that Abbott "acted for an impermissible reason, and not merely in response to the plaintiff's conduct."  *Martin*, 977 F.3d at 303.  Instead, Abbott accurately summarized Hill's allegations in the Grievance Receipt.  Therefore, the court finds that Hill has not alleged a plausible First Amendment retaliation claim against Abbott.

       Finally, Hill's allegations suggest a possible equal protection claim.  "The Equal Protection Clause . . . is essentially a direction that all persons similarly situated should be treated alike."  *City of Cleburne v. Cleburne Living Ctr.*, 473 U.S. 432, 439 (1985).  To state an equal protection claim, Hill must allege that: (1) he and a comparator inmate were treated differently and were similarly situated; and (2) the different treatment resulted from discrimination.  *Veney v. Wyche*, 293 F.3d 726, 730 (4th Cir. 2002).  Aside from his bare allegation that he was treated differently from similarly situated inmates, Hill has failed to

5

identify any similarly situated comparators who received different treatment. He has also failed to allege facts indicating that he received any different treatment resulting from discrimination. Accordingly, plaintiff has failed to allege a plausible equal protection claim. *See Wilson v. Laureano*, Civil No. 3:22cv692 (DJN), 2024 WL 1683616, at *3 (E.D. Va. Apr. 18, 2024) (dismissing prisoner equal protection claim for failure to state a claim).

For these reasons, the court will grant Abbott's motion to dismiss.

**B. Hill's Motion for Summary Judgment**

Federal Rule of Civil Procedure 56(a) provides that summary judgment should be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The relevant inquiry is "whether the evidence presents a sufficient disagreement to require submission to a [trier of fact] or whether it is so one-sided that one party must prevail as a matter of law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251–52 (1986). The party seeking summary judgment shoulders the initial burden of demonstrating to the court that there is no genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).

"Once a motion for summary judgment is properly made and supported, the opposing party has the burden of showing that a genuine factual dispute exists." *Progressive Am. Ins. Co. v. Jireh House, Inc.*, 608 F. Supp. 3d 369, 373 (E.D. Va. 2022) (citing *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 585–86 (1986)). The court must view the evidence in the light most favorable to the nonmoving party and draw all reasonable inferences in that party's favor. *Tolan v. Cotton*, 572 U.S. 650, 657 (2014). Additionally, the court may not "make credibility determinations or weigh the evidence." *Progressive Am. Ins. Co.*, 608 F. Supp. 3d at 373 (citing *Holland v. Wash. Homes, Inc.*, 487 F.3d 208, 213 (4th Cir. 2007).

6

Accordingly, summary judgment is inappropriate when there is conflicting evidence because it is the function of the factfinder to resolve factual disputes, including matters of witness credibility. *See Black & Decker Corp. v. United States*, 436 F.3d 431, 442 (4th Cir. 2006).

With respect to Hill's claims against Abbott, Hill is not entitled to summary judgment because, for the reasons already stated, Hill has not stated any actionable claims against Abbott. Thus, even if Hill had shown that there are no genuine issues of fact, he is not entitled to judgment as a matter of law.

Moreover, with respect to Hill's motion generally, he has not met the requirements of Rule 56, which provides that a party "asserting that a fact cannot be or is genuinely disputed must support the assertion" by "(A) citing to particular parts of materials in the record" or "(B) showing that the materials cited do not establish the absence of presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact." Fed. R. Civ. P. 56(c). Ultimately, the court agrees with defendants' argument that Hill's motion is properly construed as further argument in opposition to Abbott's motion to dismiss. To the extent that it could be construed as one for summary judgment, it will be denied because it lacks substance and is unsupported. *See, e.g.*, *G&G Closed Circuit Events, LLC v. Villalobos*, Civil No. 23-3070-BAH, 2025 WL 2043666, at *4 (D. Md. July 21, 2025) (denying motion for summary judgment because a "fleeting request for summary judgment that is otherwise wholly unsupported and unexplained does not satisfy the requirements of Rule 56"); *see also Yates v. Overholt*, No. 19-cv-26, 2021 WL 495856, at *4 (E.D.N.C. Feb. 10, 2021) (denying summary judgment where the motion "does not establish the absence of a genuine issue of material fact, most specifically because [plaintiff] has failed to marshal his evidence in support of his claim").

III.  CONCLUSION

The court will issue an appropriate order granting Abbott's motion to dismiss and denying Hill's motion for summary judgment.

Entered:  September 29, 2025.

*/s/ Elizabeth K. Dillon*
Elizabeth K. Dillon
Chief United States District Judge